IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CAROL MARTIN HILL,

    Plaintiff,

v.                                                    Case No.    4:17-cv-00058-MW-CAS

EDDIE JOE WHITE; in his official capacity as Sheriff of Liberty County, Florida; MAURICIO GONZALEZ, individually,

    Defendants.
_____/

## SHERIFF EDDIE JOE WHITE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Eddie Joe White, in his official capacity as Sheriff of Liberty County, Florida, by and through his undersigned attorneys, and hereby files this his Answer and Affirmative Defenses to Plaintiff's Complaint for Damages. More specifically, Defendant Sheriff avers as follows:

### Jurisdiction

1.    Admitted for jurisdictional purposes only. To the extent, however, that the bringing of this action or the recitation of any alleged basis for jurisdiction gives rise to any inference the Defendant Sheriff engaged in any unlawful or

1

tortuous conduct, such inference is denied.  Similarly, Defendant Sheriff denies Plaintiff is entitled to any of the relief sought in the Complaint.

2.   In this paragraph, Plaintiff requests this Court to exercise supplemental jurisdiction over state law claims.  No response by Defendant Sheriff is possible or required.

3.   Without knowledge, therefore denied.

### Parties

4.   Without knowledge, therefore denied.

5.   Admitted that former Sheriff Nick Finch was Sheriff of Liberty County, Florida, at the time of the alleged incident, and that he was responsible for care and custody of jail inmates.  The remainder of this paragraph is denied.

6.   Without knowledge, therefore denied.

### Common Allegations of Fact

7.   Admitted.

8.   Admitted.

**The Assault**

9.   Without knowledge, therefore denied.

10.  Without knowledge, therefore denied.

11.  Without knowledge, therefore denied.

12.  Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

**Policy and Training**

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## Causes of Action

**I.      Violation of the Eighth Amendment under 42 U.S.C. 1983 (Gonzalez)**

35. – 41. Defendant Sheriff is not a party defendant to Count I. Accordingly, he does not respond to the allegations as contained therein. To the extent said allegations can be construed as having application to causes of action against Defendant Sheriff, they are specifically denied.

**II.     Deliberate Indifference under 42 U.S.C. 1983 (Sheriff)**

42. Paragraph 42 incorporates prior allegations. Prior responses are incorporated as well as if fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

### III. Denial of Equal Protection under 42 U.S.C. 1983 (Gonzalez, Sheriff)

51. – 63. Defendant Sheriff has filed a Motion to Dismiss Count III of Plaintiff's Complaint as against Defendant Sheriff, and declines to respond to same herein. Count III also purports to state a claim against Defendant Gonzalez. To the extent said allegations against Defendant Gonzalez can be construed as having application to causes of action against Defendant Sheriff, they are specifically denied.

### IV. Negligent Supervision and Retention under State Law

64. – 69. Defendant Sheriff has filed a Motion to Dismiss Count IV of Plaintiff's Complaint, and declines to respond to same herein.

### V. Negligent Formulation and Enforcement of Policies and Procedures

70. – 73. Defendant Sheriff has filed a Motion to Dismiss Count V of Plaintiff's Complaint, and declines to respond to same herein.

### VI. Sexual Battery under State Law (Deputy Gonzalez)

74 – 77. Defendant Sheriff is not a party defendant to Count VI. Accordingly, he does not respond to the allegations as contained therein. To the extent said allegations can be construed as having application to causes of action against Defendant Sheriff, they are specifically denied.

## AFFIRMATIVE DEFENSES

1. Any injurious results about which Plaintiff complains did not arise as a result of any custom, policy, or practice implemented, adopted, or ratified by Defendant Sheriff.

2. Should the allegations as described in the Complaint be proven to be true, Defendant Sheriff is not liable because the criminal act of Defendant Gonzalez is an intervening and superceding cause.

3. Plaintiff consented to the events described in the Complaint.

4. To the extent Plaintiff's deliberate indifference claim in based on a failure to train, such a claim fails. The Sheriff was entitled to rely on his employee's common sense not to sexually batter inmates, so any alleged failure to train him not to sexually batter inmates does not show deliberate indifference to the rights of the inmates. Put another way, that a Sheriff's deputy should not commit sexual battery on inmates is obvious to all without training. It follows, then, that the failure to train is generally not so likely to produce a wrong decision as to support an inference of deliberate indifference by Defendant Sheriff to the need to train.

5. To the extent Plaintiff's deliberate indifference claim in based on a failure to supervise, such a claim fails. That a Sheriff's deputy should not commit sexual battery on inmates is obvious to all without supervision. It follows, then,

that the failure to supervise is generally not so likely to produce a wrong decision as to support an inference of deliberate indifference by Defendant Sheriff to the need to supervise.

WHEREFORE, having answered Count II of Plaintiff's Complaint, Defendant Sheriff invokes his right to trial by jury.

Respectfully submitted this 6th day of March, 2017.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON (Trial Counsel)**
Fla. Bar No. 0827711
***JOLLY, PETERSON & TRUCKENBROD, P.A.***
Post Office Box 37400
Tallahassee, Florida 32315
Tel:   (850) 422-0282
Fax:   (850) 422-1913
MJC@jollylaw.com

***Attorneys for Defendant Sheriff***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via CM/ECF System delivery to Tiffany R. Cruz, James V. Cook, and Frederick M. Conrad, this 6th day of March, 2017.

/s/ *Matthew J. Carson*
**MATTHEW J. CARSON**
