THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CAROL MARTIN HILL,

    Plaintiff,

v.                        CASE NO. 4:17-CV-58-MW/CAS

EDDIE JO WHITE, et al.,

    Defendants.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, MAURICIO GONZALEZ (hereinafter referred to as "Gonzalez"), hereby files his Answer and Defenses in response to Plaintiff's Amended Complaint, ECF. No. 14, and states:

**Jurisdiction**

1. Admitted for jurisdictional purposes only. To the extent, however, that the bringing of this action or the recitation of any alleged basis for jurisdiction gives rise to any inference that Defendant, Gonzalez, engaged in any unlawful or tortuous conduct, such inference is denied. In addition, Defendant, Gonzalez denies that the Plaintiff is entitled to any of the relief sought in this Amended Complaint.

2. Admitted for jurisdictional purposes only. The remainder of the allegation is denied.

3. Without knowledge; therefore, denied.

**Parties**

4. Without knowledge; therefore, denied.

5. Admitted that former Sheriff Nick Finch was Sheriff of Liberty County at the time of this alleged incident. As to the remainder of the allegation, without knowledge; therefore, denied.

6. Admitted.

**Common Allegations of Fact**

7. Without knowledge; therefore, denied.

8. Admitted.

9. Without knowledge; therefore, denied.

10. Without knowledge; therefore, denied.

11. Admitted.

12. Admitted that Defendant, Gonzalez, had met the Plaintiff and her husband before the time of her incarceration. As to the remainder of the allegation, denied.

13. Denied.

14. Denied.

15. Denied.

16. Without knowledge; therefore, denied.

17. Without knowledge; therefore, denied.

18. Without knowledge; therefore, denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, without knowledge; therefore, denied.

25. Denied.

26. Denied.

27. Without knowledge; therefore, denied.

28. Without knowledge; therefore, denied.

29. Without knowledge; therefore, denied.

30. Denied.

31. Denied.

32. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, without knowledge; therefore, denied.

33. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, without knowledge; therefore, denied.

34. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, without knowledge; therefore, denied.

35. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, without knowledge; therefore, denied.

36. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, without knowledge; therefore, denied.

37. Admitted that Defendant, Gonzalez, denied that he sexually abused the Plaintiff. As to the remainder of the allegation, without knowledge; therefore, denied.

38. Contemporaneous with the filing of the Defendant's, Gonzalez's, Answer and Affirmative Defenses, this Defendant has filed a Motion to Strike

Paragraph 38 of the Plaintiff's Amended Complaint based upon its allegations being immaterial and/or scandalous. Pending ruling by the Court on said Motion to Strike, the Defendant declines to respond to the same herein and reserves his right to respond to this allegation, if necessary, upon receipt of ruling by the Court.

39. Denied.

40. Without knowledge; therefore, denied.

41. Without knowledge; therefore, denied.

42. Without knowledge; therefore, denied.

43. Without knowledge; therefore, denied.

44. Denied.

45. Without knowledge; therefore, denied.

46. Without knowledge; therefore, denied.

47. Without knowledge; therefore, denied.

48. Without knowledge; therefore, denied.

49. Without knowledge; therefore, denied.

50. Without knowledge; therefore, denied.

51. Without knowledge; therefore, denied.

52. Without knowledge; therefore, denied.

53. Without knowledge; therefore, denied.

54. Without knowledge; therefore, denied.

55. Without knowledge; therefore, denied.

56. Without knowledge; therefore, denied.

57. Without knowledge; therefore, denied.

58. Without knowledge; therefore, denied.

59. Denied.

60. Denied.

## Count I 42 U.S.C. 1983 Violation of the Fourteenth Amendment against Gonzalez

61. Defendant, Gonzalez, re-alleges and reasserts his responses as contained in Paragraphs 7 through 60 above, as if fully set forth herein.

62. Denied.

63. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, without knowledge; therefore, denied.

64. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. At all material times, Defendant, Gonzalez, was acting within the course and scope of his employment as a law enforcement officer. As to the remainder of the allegation, denied.

65. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, denied.

66. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, denied.

67. Denied.

68. Denied.

**Count II 42 U.S.C. 1983 Failure to Protect against Liberty County Sheriff**

69-78. Defendant, Gonzalez, is not a party defendant to Count II of the Plaintiff's Amended Complaint. Accordingly, he does not respond to the allegations contained therein. To the extent, if any, said allegations can be construed as having application to causes of action against Defendant, Gonzalez, these allegations are denied.

**Count III 42 U.S.C. 1983 Denial of Equal Protection against Gonzalez and Sheriff**

79. Defendant, Gonzalez, re-alleges and reasserts his responses as contained in Paragraphs 7 through 60 above, as if fully set forth herein.

80. Denied.

81. Denied.

82. Without knowledge; therefore, denied.

83. Denied.

84. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, denied.

85. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, denied.

86. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, denied.

87. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, denied.

88. Without knowledge; therefore, denied.

89. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, denied.

90. Without knowledge; therefore, denied.

91. Without knowledge; therefore, denied.

92. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, denied.

93. Denied that any sexual acts occurred between the Plaintiff and Defendant, Gonzalez. As to the remainder of the allegation, denied.

94. Denied.

95. Denied.

**Count IV. Negligent Supervision and Retention under State Law**

96-101. Defendant, Gonzalez, is not a party defendant to Count IV of the Plaintiff's Amended Complaint. Accordingly, he does not respond to the

allegations contained therein.  To the extent, if any, said allegations can be construed as having application to causes of action against Defendant, Gonzalez, these allegations are denied.

**Count V. Sexual Battery under State Law against Deputy Gonzalez**

102.  Defendant, Gonzalez, re-alleges and reasserts his responses as contained in Paragraphs 7 through 60 above, as if fully set forth herein.

103.  Denied.

104.  Denied.

105.  Denied.

## AFFIRMATIVE DEFENSES

1.  The Plaintiff has failed to state a cause of action against the Defendant, Gonzalez, individually.

2.  The Plaintiff's Complaint fails to state a cause of action or claim upon which relief can be granted against Defendant, Gonzalez, individually, pursuant to 42 U.S.C. § 1983 or § 1988.

3.  Defendant, Gonzalez, individually, is immune from liability based upon the doctrine of qualified immunity.

4.  Defendant, Gonzalez, individually, is immune from liability based upon the doctrine of sovereign immunity.

5.  The actions of Defendant, Gonzalez, individually, concerning the Plaintiff were undertaken in good faith and without malice.

6. This Complaint is not actionable pursuant to Title 42 U.S.C. § 1983 in that any and all actions taken by Defendant, Gonzalez, individually, reflect, at most, merely negligent activity and as such are not constitutionally actionable and for which said Defendant is immune from liability.

7. The Plaintiff has failed to state a cause of action against Defendant, Gonzalez, based upon a denial of equal protection.

8. The Plaintiff has failed to establish that she is similarly situated to male individuals who received more favorable treatment. See **Jones v. Ray**, 279 F.3d 944 (11th Cir. 2001).

9. The actions of Defendant, Gonzalez, individually, with respect to the Plaintiff, were authorized by Florida Statute.

10. The Defendant, Gonzalez, individually, is not responsible for the conditions or length of incarceration of the Plaintiff, as those matters were not in his control. Any alleged damage suffered in this respect, if any, was independent of any conduct by said Defendant.

11. Plaintiff has failed to state a basis for the award of punitive damages against Defendant, Gonzalez, individually.

12. To the extent that the Plaintiff is attempting to assert a State Law claim against the Defendant, Gonzalez, individually, pursuant to the provisions of § 768.28(9), Florida Statutes, said Defendant cannot be held

personally liable in tort or named as a party defendant in any action for any injury or damages suffered as a result of any act, event or omission of action in the scope of his employment, unless he acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.  Said Defendant's actions were not made in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

13. The Defendant, Gonzalez, individually, is not a proper party defendant to this cause because all actions taken by him were taken within the course and scope of his duties as a Detention Deputy employed by the Santa Rosa County Sheriff's Office, under the color of State law, and in conformity with existing laws.

14. Any and all actions taken by Defendant, Gonzalez, individually, were reflective of the exercise of governmental discretion.  Accordingly, this Defendant enjoys the benefit of the defense of sovereign immunity.

15. Any and all actions taken by Defendant, Gonzalez, individually, were not contrary to clearly established law of which a reasonable person or Detention Deputy would know and be expected to apply in a factually similar context.

16. Plaintiff has failed to mitigate her damages.

17. Plaintiff's damages should be reduced by any amounts received or available to be received from collateral sources or as otherwise allowed by applicable law.

18. Should all claims arising under Federal law be dismissed or judgment entered for the Defendant, Gonzalez, individually, this Court will be devoid of subject matter jurisdiction as to all surviving claims and the matter will be subject to dismissal.

WHEREFORE Defendant, Mauricio Gonzalez denies any allegations or entitlement as alleged in the Prayer for Relief.  Defendant demands that this action be dismissed and Plaintiff take nothing for her Amended Complaint herein; judgment be entered in favor of Defendant and against Plaintiff on all causes of action; and Defendant be awarded reasonable attorney fees and costs.

## Demand for Jury Trial

Defendant Mauricio Gonzalez hereby demands trial by jury on all issues so triable.

Dated this 27th day of April, 2017.

        WARNER LAW FIRM, P. A.
        */s/Timothy M. Warner*
        TIMOTHY M. WARNER
        Florida Bar No.  0642363
        pleadings@warnerlaw.us
        ALICIA CAROTHERS
        Florida Bar No. 099339
        Post Office Box 1820
        Panama City, FL  32402
        Phone No. (850) 784-7772
        *Counsel for Defendant,*
        *Mauricio Gonzalez*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing was filed CM-ECF this 27th day of April, 2017, which will send notice to:

Tiffany Cruz
Friedman, Frank &Abrahamsen
524 E. College Avenue
Tallahassee, FL 32301
850-224-4357
tiffanyRCruz@gmail.com

James Cook
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
850-222-8080
cookjv@gmail.com

Matthew J. Carson
Jolly, Peterson, & Truckenbrod, P.A.
PO Box 37400
Tallahassee, FL 32315
850-422-0282
MJC@jollylaw.com

        */s/ Timothy M. Warner*
        TIMOTHY M. WARNER
        Florida Bar No.  0642363